**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
:
VANESSA WILLIAMS, on behalf of herself and    :
all others similarly situated,    :
:
              Plaintiff,    :    Civil Action No.
:
vs.    :    **CLASS ACTION COMPLAINT AND**
:    **JURY TRIAL DEMAND**
PRESSLER, FELT & WARSHAW, L.L.P.,    :
,    :
              Defendant.    :
:
——————————————————— X

Plaintiff VANESSA WILLIAMS (hereinafter "Plaintiff"), on behalf of herself

and all others similarly situated, by and through his undersigned attorney, alleges against

the above-named Defendant PRESSLER, FELT & WARSHAW, L.L.P. (hereinafter

"Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for statutory damages and declaratory and

injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the

Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Essex County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief, Defendant PRESSLER, FELT &

WARSHAW, L.L.P. ("PFW" or "Defendant") is a New Jersey Limited Liability

Partnership with its principle place of business located at 7 Entin Road, Parsippany, NJ

07054.

9.      Defendant is a company that acts as a debt collector, as defined by §

1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its

business, the principal purpose of which is to collect, or attempt to collect, directly or

indirectly, defaulted consumer debts.  Defendant operates a defaulted debt collection

business, and attempts to collect debts from consumers in multiple states, including

consumers in the State of New Jersey via collection letters, phone calls, credit reports and

lawsuits.  In fact, Defendant was acting as a debt collector, as that term is defined in the

FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

10.      Defendant's principal, if not sole, business purpose is the collection of

defaulted consumer debts originated by others.

11.      Defendant is a "Debt Collector" as that term is defined by 15 U.S.C.

§1692(a)(6).


## CLASS ACTION ALLEGATIONS

12.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23

of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all

New Jersey consumers and their successors in interest (the "Class"), who have received

debt collection letters and/or notices from the Defendant which are in violation of the

FDCPA, as described in this Complaint.

13.      This Action is properly maintained as a class action. The Class consists of:


•      All New Jersey consumers who were sent collection letters and/or

notices from Defendant in its attempt to collect on a debt in which the current creditor is listed as Midland Funding LLC and which included the alleged conduct and practices described herein.

The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

14.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.  Whether Defendant violated various provisions of the FDCPA.

    b.   Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous

individual actions would engender. Class treatment will also permit the
adjudication of relatively small claims by many Class members who
could not otherwise afford to seek legal redress for the wrongs
complained of herein.  Absent a Class Action, class members will
continue to suffer losses of statutory protected rights as well as
monetary damages.  If the Defendant's conduct is allowed to proceed
without remedy it will continue to reap and retain the proceeds of its
ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire
Class, thereby making appropriate final injunctive relief or
corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is
defined by 15 U.S.C. §1692a(3).

16.     Defendant collects and attempts to collect debts incurred or alleged to
have been incurred for personal, family or household purposes on behalf of creditors
using the United States Postal Service, telephone and/or the Internet.

17.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

18.     Sometime prior to December 10, 2018, Plaintiff allegedly incurred a
financial obligation to First National Bank ("First National Bank") related to a credit card
Account ("the Debt").

19.     The Debt arose out of a transaction in which money, property, insurance
or services, which are the subject of the transaction, are primarily for personal, family or

6

household purposes.

20.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

21.     First National Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

22.     Sometime prior to December 10, 2018, First National Bank either directly or through intermediate transactions assigned, placed or transferred the Debt to Midland Funding LLC, which became the owner of the Debt.

23.     At the time the Debt was assigned, placed or transferred to Midland Funding LLC, the Debt was in default.

24.     Subsequently, Midland Funding LLC, assigned placed or transferred the Debt to Defendant for purposes of collection.

25.     On or about March 9, 2010, Defendant's predecessor, Pressler and Pressler, LLP, filed suit on behalf of Midland Funding LLC against Plaintiff in the Essex County Superior Court, Special Civil Part, in a case titled Midland Funding LLC v. Williams, ESX-DC-7779-10 ("the State Court Action").

26.     On or about May 10, 2010, Judgment was entered against Plaintiff and in favor of Defendant in the amount of $614.19, plus court costs and statutory attorney fees in the amount of $66.28, for a total judgment amount of $680.47.

27.     Defendant caused to be delivered to Plaintiff a letter dated December 10, 2018 concerning the alleged Debt, which sought to collect an amount owed of $785.94. Attached as Exhibit A is a copy of the December 10, 2018 collection letter ("the Collection Letter").

28.     The Collection Letter was not sent to Plaintiff at her residence, but rather was sent to her at her place of employment in Jersey City, New Jersey.

29.    The sending of the Collection Letter by Defendant to Plaintiff's place of employment was inappropriate and harassing.

30.    Based upon information and belief, Defendant also inappropriately made telephone calls to Plaintiff at her place of employment.

31.    Upon receipt, Plaintiff read the Collection Letter.

32.    The Collection Letter was sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

33.    The Collection Letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

34.    The Collection Letter indicated that it was, "offering you a settlement on your FIRST NATIONAL BANK account number XXXXXXXXXXX4330, which is owned by our client, MIDLAND FUNDING LLC."

35.    However, nowhere does the Collection Letter indicate that the lawsuit ever resulted in a judgment against Plaintiff and that Defendant was attempting to collect on the judgment, rather than the defaulted credit card account balance.

36.    The failure of the Collection Letter to indicate that there is an outstanding judgment against Plaintiff, and the statement in the letter that Defendant was offering to settle the account, but does not reference the judgment, renders the Collection Letter false, deceptive and/or misleading.

37.    Additionally, the Collection Letter indicates that interest is accruing at .50% per annum.  Yet, the Collection letter failures to indicate that interest is accruing based upon on the judgment at the statutory rate, rather than upon the defaulted credit card.

8

38.     Furthermore, the Collection Letter fails to indicate that the .50% interest annum rate is subject to change and that the .50% rate is not a fixed rate as the letter implies.

39.     In fact, based upon information and belief at the time that the December 10, 2018 Collection Letter was mailed to Plaintiff, the Superior Court had already fixed the statutory rate interest for 2019 which was to begin 3 weeks later at 1.5% -- three times the .50% rate included in the Collection Letter.

40.     As such, Defendant's indicating that the interest was accruing at .50% per annum was false, deceptive and/or misleading.

41.     The Collection Letter also indicated that the amount of the debt is $785.94.  This statement is false, misleading and/or deceptive since it implies that this is the outstanding balance on the account, when in fact the actual amount owed on the judgment, including interest and costs, was less.

42.     Furthermore, the Collection letter is confusing since the first paragraph indicates that under the offer of settlement payment must be made on or before December 30, 2018, while the third paragraph indicates that all that is necessary is that the offer only needs to be accepted by December 30, 2018, but not necessarily paid by Plaintiff, in order to take advantage of the reduced amount.

43.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

44.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

45.     Defendant violated Plaintiff's rights not to be the target of misleading debt

collection communications.

46.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

47.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

48.     Defendant's communication was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

49.     Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

50.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

51.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

52.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

53.    Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

54.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

55.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

56.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

57.    It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    Using unfair or unconscionable means to collect or attempt to collect any debt and/or,

(c)    Engaging in harassing or abusive conduct in the collection of a debt

58.    On information and belief, Defendant sent written communications in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

59.     Plaintiff repeats the allegations contained in paragraphs 1 through 58 as if the same were set forth at length.

60.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

61.     By sending a collection letter, the same as or substantially similar to the December 10, 2018 collection letter, Defendant violated:

A.  15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff.

B.  15 U.S.C. § 1692c(a)(3) by communicating with Plaintiff at her place of employment where Defendant knew or should have known that the consumer's employer prohibits the consumer from receiving such communications.

C.  15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff.

D.   15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

E.  15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the alleged debt in the lawsuit, by demanding money that it was not entitled to, and by suing for interest, fees and costs it was not entitled to collect.

12

F.  15 U.S.C. § 1692e(2)(B) of the FDCPA by falsely representing the entitlement to certain interest, fees, costs and/or other charges

G.  15 U.S.C. §1692e(5), the threating to take any action that cannot legally be taken or that is not intended to be taken;

H.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

I.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

J.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;


**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
        December 10, 2019

Respectfully submitted,

By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300
    *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 10, 2019        By: s/ Lawrence C. Hersh
                                        Lawrence C. Hersh, Esq

EXHIBIT A

MAURICE H. PRESSLER (1930-2002)
SHELDON H. PRESSLER (1955-2017)
-------
GERARD J. FELT
DAVID B. WARSHAW (NJ,NY & MA)
-------
LAWRENCE J. MCDERMOTT, JR.
FRANCIS X. GRIMES (NJ & PA)
DARREN H. TANAKA (NJ & NY)
GERMAN ROZENCRANC (NJ & NY)
MICHAEL J. PETERS (NJ & NY)

**PRESSLER, FELT & WARSHAW, L.L.P.***
ATTORNEYS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
*Formerly Pressler and Pressler, LLP
Office: 1-973-753-5100
Toll Free: 1-888-312-8600
Fax: 1-973-753-5353

| NY Office | PA Office |
|---|---|
| 305 Broadway | 400 Horsham Rd |
| 9th Floor | Suite 110 |
| New York, NY 10007 | Horsham, PA 19044 |
| Office: (516)222-7929 | Office: 1-888-312-8600 |

DCA License Number: 2069242-DCA
Reply to [X] NJ Office [ ] NY Office [ ] PA Office

CHRISTOPHER P. ODOGBILI          RITA E. DUNLEAVY
CRAIG S. STILLER (NJ,NY & PA)    BARRY A. ROSEN (PA)
IAN Z. WINOGRAD(NJ,NY,PA & DC)   THEOLOGIA PAPADELIAS
SHELBY J. WESSER (PA)            MARIAM FATIMA
DAQUAN E. BROWN (NJ & NY)        GERARDINO DI POPOLO
DONALD V. VALENZANO JR.(NJ & NY) CHANTALE M. HARDY

-------------------------------
OFFICE HOURS:
Monday-Thursday: 8am-8pm
Friday: 8am-7pm

12/10/18

VANESSA G WILLIAMS

█████████████████

JERSEY CITY, NJ 073054522

PFW File Number: ████████

Re:    MIDLAND FUNDING LLC v. VANESSA G WILLIAMS
       Superior Court of New Jersey: Law Division ESSEX Special Civil Part
       Docket # DC-007779-10
       Original Creditor FIRST NATIONAL BANK

       Current Creditor: MIDLAND FUNDING LLC

Dear  VANESSA G WILLIAMS    :

We are offering you a settlement on your FIRST NATIONAL BANK account number ████████4330, which is owned by our client, MIDLAND FUNDING LLC . As of the date of this letter, the amount of the debt is $785.94. If you can make a payment of $510.86, which is approximately 65 % of the debt, by December 30, 2018, it will be accepted as settlement in full.

Upon receipt and clearance of your payment, we will send you a Warrant of Satisfaction which you may file with the court.

Because of interest accruing at 0.50 % per annum and because of court costs that may be incurred after the date of this letter, the balance you owe after December 10, 2018, may be greater. We will however honor the amount of $510.86 as settlement in full if you let us know that you are accepting this offer by December 30, 2018 . After December 30, 2018 this offer may be null and void. We are not obligated to renew this offer. This offer does not apply to payments or arrangements to pay made prior to this offer. For further information, please call this office at 1-888-312-8600 Ext 5106 .

Make your check payable to MIDLAND FUNDING LLC and place file W127952 on the payment. Please mail to Pressler, Felt & Warshaw, LLP at the NJ address above. Payments can also be made at no charge on our website www.paypressler.com or by phone using a check.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.